NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES PHILLIP CAMPION,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2022-1236

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-21-0444-I-1.

---

Decided: May 9, 2022

---

JAMES PHILLIP CAMPION, Sarasota, FL, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before HUGHES, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

James Phillip Campion appeals a decision of the Merit Systems Protection Board affirming the Department of Defense's indefinite suspension of Mr. Campion. The Board did not err in its analysis, so we affirm.

I

Mr. Campion worked for the government as a Telecommunications Specialist, a position that required Mr. Campion to "remain eligible for access to classified and sensitive national security information." Appx3.[1] On June 22, 2020, the government suspended Mr. Campion's access to classified information and placed him on paid administrative leave. The Department of Defense Consolidated Adjudications Facility then issued a preliminary decision revoking Mr. Campion's eligibility for access to classified information on November 18, 2020. And on April 28, 2021, the government suspended Mr. Campion indefinitely without pay.

Mr. Campion appealed his indefinite suspension without pay to the Board. The Board affirmed. Mr. Campion now appeals to us. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Our "review of adverse actions stemming from security clearance determinations is limited to determining (1) 'whether a security clearance was denied,' (2) 'whether the security clearance was a requirement for appellant's position,' and (3) 'whether the procedures set forth in [5 U.S.C. §] 7513 were followed.'" *Hornseth v. Dep't of Navy*, 916 F.3d 1369, 1373–74 (Fed. Cir. 2019). We must affirm the Board's decision unless it is "(1) arbitrary, capricious,

---

[1]    Appx refers to the appendix attached to Mr. Campion's opening brief. SAppx refers to the supplemental appendix attached to the Department of Defense's brief.

an abuse of discretion or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## III

Mr. Campion's stipulations are dispositive of the substantive issues we can review in this appeal. *See Hornseth*, 916 F.3d at 1373–74. He stipulated that (1) "[b]y memorandum dated June 22, 2020, [Mr. Campion] was advised that his access to classified information was suspended effective on that date," SAppx8; (2) his "position requires that he remain eligible for access to classified and sensitive national security information," SAppx7; and (3) "the agency provided him with the procedural protections required by 5 U.S.C. § 7513(b)," Appx8; *see* SAppx8.

Mr. Campion's auxiliary arguments do not change this outcome. He asserts that the Board refused to admit relevant evidence showing that the government suspended Mr. Campion's access to security clearance because of his whistleblowing disclosures to Congress. But because the scope of the Board's review is limited as discussed above, it cannot hear whistleblower complaints when reviewing security clearance determinations. *Hesse v. Dep't of State*, 217 F.3d 1372, 1377–80 (Fed. Cir. 2000). So the Board did not err in determining that it lacks jurisdiction to hear Mr. Campion's whistleblower argument.

Mr. Campion further argues that the determining official for the adverse action, Colonel Frederick Williams, was illegitimately appointed and therefore did not have authority under 5 U.S.C. §§ 7511 and 7103(a)(10) to indefinitely suspend Mr. Campion without pay. According to Mr. Campion, Colonel Williams performed civilian functions as a member of the military in violation of 10 U.S.C. § 129a(g), and Colonel Williams's promotion violated 5 C.F.R. § 335.103 because Colonel Williams stayed in that position for more than 120 days.

The Board heard these arguments and determined that "the decision to effect the suspension was made by [Frederick Moorefield], not Colonel Williams," rendering any challenge to Colonel Williams's promotion irrelevant. Appx7. Alternatively, the Board determined that "even if Colonel Williams lacked the authority to propose [Mr. Campion's] indefinite suspension," that error is harmless because Mr. Campion was "required to hold a clearance as a condition of his employment" and "[a]bsent compliance with this condition, there is no showing that any action other than a suspension from duty is appropriate." Appx7.

If an employee shows "harmful error in the application of the agency's procedures in arriving at" a decision, then the Board cannot sustain that decision. *Romero v. Dep't of Def.*, 527 F.3d 1324, 1328 (Fed. Cir. 2008). Here, Mr. Campion did not and cannot show harmful error; a different determining official would have reached the same conclusion because Mr. Campion's position required a security clearance and he no longer held one. The Board did not err in rejecting Mr. Campion's challenges to Colonel Williams's decision.

Finally, Mr. Campion argues that the government committed a due process violation by allegedly withholding evidence that the Department of Defense Consolidated Adjudications Facility had relied on in its initial decision. While there was "a delay in [Mr. Campion] receiving the pertinent documents," the Department accommodated this delay by granting Mr. Campion multiple extensions to the deadline for his response. Appx77. These extensions, for which Mr. Campion was "grateful," resulted in a final deadline of June 18, 2021. Appx77. Mr. Campion timely submitted his response to the Department on that date. So we discern no violation or error.

## AFFIRMED

No costs.